HENRY MARX ET AL. v. EDWARD C. JORDAN.

DEEDS.  *Wrong person named as grantor.  Record.  Notice.*
   Where the scrivener, supposing a certain person was to execute a
   deed, wrote his name therein as the grantor, but it was signed,
   acknowledged, and delivered by another person not mentioned
   in the instrument, its record is not constructive notice to a
   subsequent purchaser that it was the deed of the person who
   signed it.

FROM the circuit court of Claiborne county.

HON. GEORGE ANDERSON, Judge.

Jordan, appellee, was plaintiff, and Marx and others, part-
ners under the name Henry Marx & Sons, appellants, were
defendants in the court below.  From a judgment in plaintiff's
favor the defendants appealed to the supreme court.

David Bowie and his wife, Frances Bowie, were indebted
to appellants, Henry Marx & Sons, and, desiring to secure the
debt and advances to be made in the year 1902, undertook to
execute a deed of trust to secure same.  In the granting clause
of the deed of trust the names of Frank (not David) and
Frances Bowie were written.  The deed of trust was signed
and acknowledged by David and Frances Bowie, covered the
crop for the year 1902, and was recorded.  Afterwards David
Bowie executed a deed of trust to appellee, Jordan, trustee, to
secure a debt due from him to the Quong-Thomas Company.
This deed of trust was also acknowledged and recorded and
incumbered the same crop.  In the fall of the year 1902 David
Bowie delivered his cotton to Henry Marx & Sons.  This suit
was brought by Jordan, trustee, for the Quong-Thomas Com-
pany, to recover the proceeds of the cotton delivered by David
Bowie to Henry Marx & Sons.  Other facts are stated in the
opinion of the court.

*E. S., J. T.,* and *H. W. M. Drake,* for appellants.

The trust deed executed by David Bowie to Henry Marx & Sons was entitled to record, as it was properly acknowledged, and acknowledgment is the only thing essential to entitle such an instrument to record. The statute as to registration does not concern itself with the contents of an instrument, but simply with the acknowledgment of it. Once properly acknowledged, it is entitled to record. Annotated Code, § 2457.

And once recorded, all are charged with notice of its contents. This deed of trust was properly acknowledged and recorded, and the Quong-Thomas Company were charged with notice thereof; were not only charged with notice of the name appearing in the caption, but with notice of the property conveyed, which was the same, in part, conveyed by the trust deed to them. They were charged with notice of the fact that David Bowie had signed this trust deed to appellants; that he had delivered it and acknowledged it.

All of the cases relied upon by appellee are cases where the name of the grantor as to whom the conveyance was held void did not appear at all in the body of the conveyance. In this case a name does appear in the body of the conveyance. It is true that the Christian name of the person described in the body of the conveyance is different from the Christian name by which it was signed and acknowledged. In other words, it is a mistake in the Christian name, and the authorities hold uniformly that a mistake in the Christian name will not avoid the conveyance if the true name can be ascertained from the remainder of the instrument. Devlin on Deeds, sec. 206; Tiedeman on Real Property, sec. 798; 9 Am. & Eng. Ency. Law (N. S.), 108.

In this case there is no difficulty in ascertaining the true name of the grantor from the remainder of the instrument, for he both signed and acknowledged it by his true name, David Bowie.

The Alabama cases should not control in the adjudication of the case at bar, since the statutes of that state are not like ours.

*C. A. French,* for appellee.

In my examination of the books, I find that the Alabama court has universally held that a deed signed by a party whose name does not appear in the granting clause is not the deed of such party when the deed undertakes to name the grantors, as in this case. *Johnson* v. *Goff,* 22 South., 995; *Davidson* v. *Cox et al.,* 20 South., 500; *Sheldon et al.* v. *Carter,* 8 South., 63. These are cases from the Alabama court, and are right in point that if a party who, in so far as the deed shows, signs and acknowledges the deed, it is not his deed, and may be treated as a nullity by third parties. See also *Harrison* v. *Simons,* 55 Ala., 510; *Hammond* v. *Thompson,* 56 Ala., 589; *Blythe* v. *Dargin,* 68 Ala., 370; *Fite* v. *Kennemer,* 7 South., 920; *Bank* v. *Rice,* 4 How., 225 (11 L. ed., 949).

WHITFIELD, C. J., delivered the opinion of the court.

In the alleged trust deed to M. Levy, trustee for the benefit of Henry Marx & Sons, of date March 3, 1902, the granting clause of the deed expressly names as sole grantors Frank Bowie and Frances Bowie. In the reciting part of the trust deed it is stated that they are indebted in the sum of $139.70, "evidenced by their note." At the conclusion of the trust deed it is recited that, "In testimony whereof the said party of the first part set their hands," etc., in the plural.

From this simple statement of the exact instrument before us, several things are evident. First—This is not the case of a deed in which the grantors are not named. Both grantors are expressly named in the reciting part of the instrument, and in the granting clause of the instrument, and in the conclusion of the instrument; "said party of the first part," in the last, meaning, of course, the previously recited grantors, Frank Bowie and Frances Bowie.

Second—This is not the case of a wife seeking to convey her separate estate, in which the husband's name does not appear as grantor, but in which his name is signed to the deed, and his acknowledgment duly taken; nor one in which the husband, though not named as grantor, and not having signed the deed in the proper place for signature together with the wife, declares after the signature of the wife in writing "that he hereby consents to the above obligation of his wife," and signs that and acknowledges it, as was the case in the cases of *Stone* v. *Montgomery,* 35 Miss., 83, and *Armstrong* v. *Stovall,* 26 Miss., 275. It may just as well be noted, besides, that in these two cases the court seems to have proceeded quite as much upon the idea that the husband would be estopped, by what he had done, to deny that he had consented, as upon the idea that what he did amounted originally to an execution of the deed.

Third—This is not the case in which the scrivener intended to write the name of a particular party (David Bowie), but wrote his name wrong. There is no mistake of that sort here. It is perfectly plain that the scrivener meant to write "Frank Bowie" and "Frances Bowie," and to write them as the names of those two persons, and that he did not intend to write the name of David Bowie in the deed at all. He manifestly supposed that Frank Bowie and Frances Bowie were the grantors to be bound, and he wrote that intention plainly and clearly down. It may be quite true that he made a mistake in supposing Frank Bowie and Frances Bowie were to be the grantors; but that mistake cannot convert an instrument plainly declaring that Frank Bowie and Frances Bowie executed the instrument, and that they alone executed it as grantors, into an instrument made by a party who was not recited as a grantor in it, who clearly was not intended to be a grantor in it, but who, in some curious way, signed and acknowledged it. The deed is and must be—that is, the deed before us, with its particular recitals—the deed of the parties who are expressly de-

clared to be the grantors, who expressly granted the things conveyed, and who alone anywhere in it appear to have been intended as grantors.

Fourth—And, finally, this is the case of a deed in which, therefore, the grantors are expressly recited in it. Said grantors expressly conveyed by a deed effectual only as against them. Is it possible that the fact that David Bowie signed such a deed, effectual only for such a purpose, and acknowledged it, can make such a deed his deed? Manifestly not. The testimony in the case shows that Frank and Frances Bowie were husband and wife, and that David Bowie was their son. It is not, therefore, a case of mistaken identity on the part of the scrivener. He wrote exactly what he meant to write. He wrote a deed which could only bind the parties expressly named therein as grantors. See the authorities collected in Devlin on Deeds, vol. 1, sec. 194 through 206. See, also, the Alabama cases cited in the brief of counsel for appellee.

The precise question presented for adjudication here is: Did this alleged trust deed to Henry Marx & Sons, having been recorded, impart notice to third parties? Was the appellee notified by the record of such an instrument that it was the deed of David Bowie? We are clearly of the opinion that no such notice was imparted.

*Affirmed.*