MILLS-GUY COMPANY v. WILLIAM H. DICKERSON.

[48 South. 404.]

DEEDS.  *Construction.  Husband and wife.  Property conveyed.*

A deed, naming a wife only as grantor and purporting to convey
her crops to be grown, does not convey cotton grown by her hus-
band in which she had no interest, although he signed the deed
and some of his personal property was conveyed thereby.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Dickerson, appellee, was plaintiff in the court below; the
Mill-Guy Company, appellant, was defendant there.  From
a judgment in plaintiff's favor, predicated of a peremptory in-
struction, defendant appealed to the supreme court.

On February 19, 1906, Laura Booth and Barney Booth, her
husband, executed their joint note to the Auburn Mercantile
Company for $72.34, and on the same day there was executed
and delivered to Dickerson, appellee, as trustee for the Auburn
Mercantile Company, a chattel mortgage or deed of trust, which
recited "that, whereas, Laura Booth, party of the first part, is
indebted to the Auburn Mercantile Company," etc.  This in-
strument further recited that said company expected to advance
her supplies, merchandise, etc., not to exceed the amount of
$72.34, and it conveyed "her entire interest in any and all crops
of cotton and other agricultural products to be raised by her
and any hand she may employ during the year 1906 on land
belonging to one Bowman, or any other land she may cultivate
in said year," and also certain personal property, etc.  This
deed of trust was signed by Laura Booth and Barney Booth,
and duly acknowledged and filed for record March 9, 1906.
It appeared that Barney Booth, being indebted to the appellant,
Mills-Guy Company, in a large amount, had, on January 13,

1906, executed a trust deed in its favor covering all crops, etc., that might be raised by him during the year 1906. This deed of trust was duly acknowledged and filed for record April 17, 1906. During the year 1906 Barney Booth raised a crop of cotton on lands rented by him from Bowman and other parties, and during the autumn of that year he delivered two bales of cotton, of the value of $80, to the appellant, raised by him, which was credited on his account. Appellant had no actual knowledge of the lien claimed by the Auburn Mercantile Company, and no notice thereof whatever, unless the recorded deed of trust above mentioned gave it constructive notice. It was not shown that Laura Booth raised any cotton on any lands during that year, or that she rented any lands of Bowman.

The suit originated in the court of a justice of the peace and was appealed to the circuit court by defendant, where a trial *de novo* was held.

*George Butler* and *Mixon & Cassidy,* for appellant.

It will be seen that the plaintiff wholly failed to make out his case. There is not one scintilla of evidence in the record showing, or tending to show that Laura Booth raised any cotton during the year 1906 on the lands rented of Bowman or elsewhere. The fact is, the plaintiff plainted his case in the court below upon the fallacious assumption that the deed of trust to Dickerson, trustee, was effective to convey as against the whole world any and all crops raised by Barney Booth during said year. . It will be carefully noted in this case that Barney Booth undertook to convey nothing. The deed begins with the recital that "Laura Booth, party of the first part," is indebted, etc. The party of the first part, Laura Booth, bargains, sells and conveys. The whole deed purports to be her act alone. Barney Booth is not mentioned in the face of the deed. The whole of the deed is in the singular. By what words did Barney Booth convey his title to the property described in the deed ? That learned and discriminating annotator of the Trinity Set,

Mr. Freeman, says: "We think it safe to assert that the weight of the adjudicated cases if not the better reasoning, is in support of the rule that the person in whom the title to land is vested must use appropriate words as a grantor to convey the estate; that signing, sealing, and acknowledging a deed by one party in interest in which another than such party purports to be the only grantor will not convey the former's estate." See note to *Payne v. Parker,* 25 Am. Dec. 226, and notes to *King v. Rhew,* 23 Am. St. Rep. 82, for a full discussion of this subject.

Barney Booth conveyed absolutely nothing by affixing his signature to his wife's deed of trust. We are not unmindful of the cases of *Armstrong v. Stovall,* 26 Miss. 275, and *Stone v. Montgomery,* 35 Miss. 83.

If an explanation of why Barney Booth signed the deed is asked, I answer by saying that the buggy was his property and may be accounted for in that way. But by this deed he certainly did not intend to, nor did he convey any cotton to be raised by him.

But if mistaken in the premises, and as between him and the other party to the deed of trust he by his act encumbered his cotton crop, still the third party without actual notice of the condition of affairs is not affected by this deed. If he encumbered cotton, what cotton was it? Manifestly cotton raised by his wife on land rented by her of Bowman and not cotton raised by him on Bowman's land.

*Clem V. Ratcliff,* for appellee.

It is sought to reverse the judgment in this case because appellant claims that the deed of which appellee predicates their claim did not cover the cotton recovered in the suit. It is plain to be seen that Barney Booth and his wife, Laura Booth, intended to encumber and that they did encumber the crops grown on the land of W. L. Bowman for the year 1906. The deed of trust to the appellee recites that it covers and includes crops raised on the land of Bowman specifically, and identifies no

other land.   This deed of trust is signed and executed by both
the husband and the wife, for necessary supplies for themselves
and family.   It is admitted in briefs of counsel for appellant
that the owner of personal property embraced in the deed of
trust to appellee, the buggy, was the property of Barney Booth,
the husband, and that he intended to convey it and did convey it
to the trustee and that the deed of trust is valid and binding
against the husband, Barney Booth, as to that extent.   Now,
there is nothing in the terms of the contract in the deed of trust
to indicate that he, Barney Booth, so intended to convey that
part, or any particular part of the property embraced in the
deed of trust.   There is no more in the contract itself to indi-
cate that he intended to convey the buggy, than there is in the
contract itself to indicate that he also intended to convey the
crops, cotton, etc.   There is nothing contained therein to make
a divisible contract, and in the absence of this provision, if he
intended to convey a single item contained in the contract, he
must be held to have intended to convey and to have conveyed
everything the contract called for, including, of course, the cot-
ton.   It is admitted that this deed of trust to appellee was and
is first of record.   Then he would be entitled to recover the cot-
ton as after acquired personal property.   See *Bacot v. Varnado,*
91 Miss. 825, 47 South. 113.   The deed of trust being first of
record, signed by both the husband Barney Booth, and the wife
Laura Booth, certainly was sufficient to give notice to appellant,
that they might investigate just to what extent the husband
Barney did really intend to be bound by executing the deed of
trust.

The mere fact that the personal pronoun used in the instru-
ment is her instead of his or their, as the case may be, does not
change the intent and purpose of the instrument, nor does it af-
fect the validity of the instrument.   The blanks for pronouns in
the original deed of trust might have all been left blank and noth-
ing inserted therein at all, and yet if it were signed by two peo-
ple, especially husband and wife, the instrument must be con-
strued to be the obligation and contract of both.   The names of

sureties are frequently omitted from the body of the bond, yet the obligation is valid and binding. It will be further noted that the husband, Barney Booth himself, is not making any sort of contention that he did not intend to make, and that he did not make in good faith the deed of trust under which the appellee claims. Why did counsel not ask him if he intended to enter into that obligation jointly with his wife. Certainly if he, himself, stands by the contract in the deed of trust, and does not repudiate it, nor undertake to explain it away, nor to void its legal efficacy, then the appellant cannot repudiate it for him. He has never intimated that he wished to claim any of the defenses interposed by the counsel for the appellant.

Argued orally by *George Butler,* for appellant.

FLETCHER, J., delivered the opinion of the court.

The sole question presented for decision is whether the trust deed given on February 19, 1906, to the Auburn Mercantile Company, which purported to convey all crops raised by Laura Booth on a certain plantation, operated to convey the crops raised by her husband, Barney Booth, on the same plantation, or, if not, whether the fact that Barney Booth, as well as Laura Booth, signed and acknowledged the trust deed, was sufficient to put subsequent purchasers and encumbrancers upon inquiry. Appellant is such a subsequent encumbrancer and purchaser. The trust deed in question names only Laura Booth as the grantor, recites that it is to secure a pre-existing debt due by her and supplies to be advanced to her, and conveys her entire interest in the crops to be grown on the Bowman land. Nowhere in the body of the trust deed is there any reference to Barney Booth's crops, or any intimation that he meant to convey any crops to be grown by him. True, he signed the trust deed, but there is nothing in the instrument to show that he is the husband of the grantor; but, if there were, his signing of the deed is explained by the admitted fact that certain of his individual property is

also conveyed. There is no dispute as to the fact that the cotton sold appellant was grown by Barney Booth on land which he had rented and that Laura Booth had no interest therein. We do not think that *Stone v. Montgomery,* 35 Miss. 83, and *Armstrong v. Stovall,* 26 Miss. 275, have the slightest application. These cases are discussed, and their true meaning settled, in *Marx v. Jordan,* 84 Miss. 334, 36 South. 386, 105 Am. St. Rep. 457. Besides, we are now dealing with the question as to whether Barney Booth actually executed the deed of trust, or whether he assented to his wife's execution. It is a question of what property was conveyed, and we feel sure that the trust deed upon which appellee relies cannot be held to convey property not mentioned therein. If the husband's crop was not in fact conveyed, it cannot be argued that his signature to the instrument can operate to put a purchaser upon inquiry as to a fact which in truth never existed. In no aspect of the cause was the peremptory instruction for the appellee proper.

*Reversed and remanded.*